**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

EDGAR GARCIA CUYUCH, )
 )
Petitioner, )
 )
v. )
 ) Case No. CIV-26-1572-PRW
WARDEN, DIAMONDBACK )
CORRECTIONAL FACILITY, et al., )
 )
Respondents. )

# ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. On August 4, 2026, Magistrate Judge Shon T. Erwin issued a Report and Recommendation (Dkt. 7) recommending that the Court dismiss the Petition without prejudice for failure to comply with the Court's rules and orders. Specifically, the Court found that Petitioner had not paid the filing fee in accordance with 28 U.S.C. § 1914 and Local Civil Rule 3.2, and Petitioner's *in forma pauperis* application was tendered incomplete and unsigned. The Court ordered Petitioner to cure the identified deficiencies by July 28, 2026,[1] and he failed to cure the deficiencies or respond to the Court's orders.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the petitioner "fails to prosecute or comply with these rules or a court order." Courts have

[1] Order (Dkt. 5).

consistently interpreted this rule to permit sua sponte dismissal.[2] Thus, Magistrate Judge Shon T. Erwin determined that Petitioner's failure to comply with the Court's orders and rules, together with the Court's inherent power to manage judicial resources,[3] warrants dismissal of Petitioner's action without prejudice. Petitioner has not filed any objections to the Report and Recommendation (Dkt. 7) within the applicable time period.

The Court agrees with the Report and Recommendation's reasoning and conclusions.[4] Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 7) and **DISMISSES** the Petition (Dkt. 1) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 2nd day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g., AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

[3] *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).

[4] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).